**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>REGINA B. JOHNSON<br><br><br>Defendant(s). | CASE NO:<br>2:15−cv−08003−BRO−JEM<br><br>**ORDER FOR CIVIL COURT TRIAL**<br><br>**SEE LAST PAGE FOR PRETRIAL AND TRIAL DATES** |

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

**I.          E−FILING REQUIREMENTS**

Mandatory paper Chambers copies of all e−filed motion, opposition and/or reply documents must be delivered to Judge O'Connell's box, on the Spring Street floor of USDC, located at 312 N. Spring St., Los Angeles, by noon on the day after e−filing. Documents will not be considered until chambers copies are submitted. Attached the NEF to the BACK of the chambers copy. Chambers copies delivered by Federal Express should not require the signature of the recipient.

\\\

## II. SCHEDULING

### A. In General

All motions to join other parties or to amend the pleadings shall be filed and served by the cut−off date specified in the Scheduling Order.

### B. Motions for Summary Judgment or Partial Summary Judgment

Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in no event later than the motion cut−off date.

### C. Discovery Cut−Off

The Court has established a cut−off date for discovery in this action. All discovery shall be complete by the discovery cut−off date specified in the Scheduling Order. **This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.**

In an effort to provide further guidance to the parties, the Court notes the following:

#### 1. Depositions

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut−off date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior to the cut−off date.

#### 2. Written Discovery

All interrogatories, requests for production of documents, and requests for admission shall be served sufficiently in advance of the discovery cut−off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

#### 3. Discovery Motions

Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court

///

expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California in July 1995, which can be found on the Court's website under "Attorney Information> Attorney Admissions."

Discovery matters are referred to a United States Magistrate Judge. **Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut−off date to permit the responses to be obtained before that date, if the motion is granted.**

Consistent resort to the Court for guidance in discovery is unnecessary and will result in the appointment of a Special Master at the joint expense of the parties to resolve discovery disputes.

**4.  Expert Discovery**.  Expert discovery is to be concluded by the discovery cutoff date. Accordingly, the initial disclosure of expert witnesses in full compliance with the Federal Rules of Civil Procedure is ordered no later than seventy (70) days before the discovery cutoff. Counter−designations of rebuttal experts in full compliance with the Federal Rules of Civil procedure are to be made thirty (30) days after the other party's disclosure.

**D.     Mandatory Settlement Conference** (ADR proceedings)

Pursuant to Local Rule 16−15, the parties in every case must select a settlement procedure. The final meeting with the parties' settlement officer must take place no later than four weeks before the Final Pretrial Conference. Counsel shall file a Joint Report regarding the outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

**III.       FINAL PRE−TRIAL CONFERENCE ("PTC")**

This case has been placed on calendar for a Final Pre−Trial Conference pursuant to Fed. R. Civ. P. 16 and 26. Unless excused for good cause, each party

appearing in this action shall be represented at the Final Pre−Trial Conference, and all pre−trial meetings of counsel, by the attorney who is to have charge of the conduct of the trial on behalf of such party.

*Pro Per* parties are not exempt from following Federal Rule of Civil Procedure 16.

<u>STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R. CIV. P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT.</u> Therefore, carefully prepared Memoranda of Contentions of Fact and Law, a Joint Witness List, and Joint Exhibit List shall be submitted to the Court. The Joint Witness List shall contain a brief statement of the testimony for each witness, **what makes the testimony unique** from any other witness testimony, and the time estimate for such testimony. The Joint Exhibit List shall contain any objections to authenticity and/or admissibility to the exhibit(s) and the reasons for the objections.

The Memoranda of Contentions of Fact and Law, Witness List, and Exhibit List are due twenty−one (21) days before the Final Pre−Trial Conference. **The parties shall provide an electronic copy of the Memoranda of Contentions of Fact and Law, Witness List and Exhibit List in Microsoft Word format. The parties shall provide hyperlinks to case citations and/or evidence.**

IV. <u>**FINAL PRE−TRIAL CONFERENCE ORDER ("PTCO")**</u>

The proposed PTCO shall be lodged fourteen (14) calendar days before the PTC. Adherence to this time requirement is necessary for in−chambers preparation of the matter. Counsel shall electronically file a copy of the proposed PTCO in Microsoft Word format. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

A.    Place in "all caps" and in "bold" the separately numbered headings for each category in the PTCO (*e.g.*, **"1. <u>THE PARTIES</u>"** or **"7. <u>CLAIMS AND DEFENSES OF THE PARTIES</u>"**).

B.    Include a table of contents at the beginning.

−4−

C. In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, *e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, please specify to which party each claim or counterclaim is directed.

D. In specifying the parties' claims and defenses under section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.

E. In drafting the PTCO, the court also expects that the parties will attempt to agree on and set forth as many non–contested facts as possible. The court will usually read the uncontested facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

F. In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary issues. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

G. Issues of law should state legal issues on which the court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

The parties shall provide an electronic copy of the in Memoranda of Contentions of Fact and Law, Witness List and Exhibit List in Microsoft Word format to the Judge's Chambers email at: BRO_Chambers@cacd.uscourts.gov The parties shall provide hyperlinks to case citations and/or evidence.

## V. TRIAL PREPARATION FOR COURT TRIAL – MOTIONS, FINDINGS OF FACT AND EXHIBITS

A. **MOTIONS *IN LIMINE***

All motions *in limine* must be filed and served a minimum of twenty–eight

(28) days prior to the hearing on motions in *limine*. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty–one (21) days prior to the hearing on motions in limine. All reply documents must be filed and served at least fourteen (14) days prior to the hearing on motions in *limine*.

All motions in limine will be ruled upon on or before the scheduled trial date.

### B. Findings of Fact and Conclusion of Law

For a non–jury trial, the parties shall lodge their proposed findings of fact and conclusions of law not later than five (5) days before trial. The parties shall email these findings in Microsoft Word format to the Judge's Chambers' email at BRO_chambers@cacd.uscourts.gov. Refer to Local Rule 52–1.

### C. Narrative Statements

The judge may order that the direct testimony of a witness be presented by written narrative statement subject to the witness' cross–examination at the trial. Such written, direct testimony shall be adopted by the witness orally in open court, unless such requirement is waived. Refer to Local Rule 43–1.

### D. Trial Exhibits

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three–ring binder labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26 and the Local Rules.

Exhibit list shall indicate which exhibits are objected to, the reason for the objection, and the reason it is admissible. Failure to object will result in a waiver of objection. The parties shall file an electronic copy of the Exhibit List in Microsoft Word format.

The Court requires that the Joint Exhibit List, the Joint Witness List, the Statement of the Case be emailed to the Courtroom Deputy Clerk at BRO_chambers@cacd.uscourts.gov, no later than the Thursday prior to the trial date.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

1. The <u>original exhibits</u> with the Court's exhibit tags shall be stapled to the front of the exhibit on the upper right–hand corner with the case number, case name, and exhibit number placed on each tag. Exhibit tags can be obtained from the Clerk's Office, Room G–8, 312 North Spring Street, Los Angeles, CA 90012.

2. <u>One bench book</u> with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

3. Three (3) copies of exhibit lists.

4. Three (3) copies of witness lists in the order in which the witness may be called to testify.

5. All counsel are to meet not later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the copies of the exhibit lists.

6. Any items that have not been admitted into evidence and are left in the courtroom overnight <u>without prior approval</u> will be discarded.

## VI. <u>CONDUCT OF ATTORNEYS AND PARTIES</u>

### A. <u>OPENING STATEMENTS, EXAMINING WITNESSES, AND SUMMATION.</u>

1. Counsel must use the lectern for opening statements, examination

of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3. The Court will honor (and may establish) <u>reasonable time estimates</u> for opening and closing arguments, examination of witnesses, etc.

B. **OBJECTIONS TO QUESTIONS**

1. Counsel may not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do.

C. **GENERAL DECORUM**

1. Counsel should not approach the CRD or the witness box specific permission. If permission is given, counsel should return to the lectern when the purpose has been accomplished. Counsel should not question a witness at the witness stand.

2. Counsel and parties should rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom.

3. Counsel should address all remarks to the court. Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel. If counsel wish to speak with opposing counsel, counsel must ask permission to do so. Any request for the re−reading of questions or answers shall be addressed to the Court. Such request should be limited. Request may not be granted.

4. Counsel, should not address or refer to witnesses or parties by first

   names alone. Young witness (under 14) may, however, be addressed and referred to by first names.

 5. Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

 6. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the court room unless permission has been granted in advance.

 7. Counsel should not by facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness. Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

 8. Where a party has more that one lawyer, only one may conduct the direct or cross−examination of a particular witness, or make objections as to that witness.

D. **PROMPTNESS OF COUNSEL AND WITNESSES**

 1. The Court makes every effort to begin proceedings at the time set. Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, this trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances. The Court will advise other courts that counsel are engaged in trial in this Court on request.

 2. If a witness was on the stand at a recess, counsel must have the witness back on the stand ready to proceed, when the court session resumes.

 3. If a witness was on the stand at adjournment, counsel must have the adjacent to, but not on the stand, ready to proceed when the court session resumes.

    4.    Counsel must notify the CDR in advance if any witness should be accommodate based on a disability or for other reasons.

    5.    No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

    6.    The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence . Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

**IT IS SO ORDERED.**

Dated: March 22, 2016

_____
Beverly Reid O'Connell
United States District Judge

# JUDGE BEVERLY REID O'CONNELL

# SCHEDULE OF TRIAL AND PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| Trial (Court) Estimated length: day(s) | 8:30 am | | | | 11/8/2016 |
| Court trial – File Findings of Fact and Conclusions of Law | | –1 | | | 10/31/2016 |
| Pretrial Conference; File Agreed Verdict Form(s); File Joint Statement re disputed Verdict(s) | 3:00 pm | –4 | | | 10/3/2016 |
| Motions in Limine to be filed | | –5 | | | 10/3/2016 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists | | –6 | | | 9/26/2016 |
| Last date to file Joint Report re ADR proceeding | | –7 | | | 9/19/2016 |
| Last date to conduct ADR Conference | | –8 | | | 9/12/2016 |
| Last day for hearing motions | 1:30 pm | –9 | | | 8/29/2016 |
| Discovery cut–off [Note: Expert disclosure no later than 70 days prior to this date.] | | –10 | | | 8/22/2016 |
| Last date to Amend Pleadings or Add Parties | | | | | 5/2/2016 |